# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**  LACR 16-00390(B) VAP-1 |
| **Defendant**  LOZA, JOSE | **Social Security No.**  8  8  6  4 |
| akas:  Loza, Jose Luis | (Last 4 digits) |

## 2ND AMENDED JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 03 | 02 | 2020 |

**COUNSEL**  Richard G. Novak, CJA Panel, and Naomi Svensson
(Name of Counsel)

**PLEA**  ☐ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  ☐ **NOLO CONTENDERE**  ☒ **NOT GUILTY**

**FINDING**  There being a FINDING/VERDICT of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS CONSPIRACY**, in violation of 18 U.S.C. §§ 1962(d), 1963(a), as charged in COUNT 1 of the Second Superseding Indictment;  **VIOLENT CRIME IN AID OF RACKETEERING**, in violation of 18 U.S.C. § 1959(a)(5), as charged in COUNTS 4 & 6 of the Second Superseding Indictment;  **VIOLENT CRIME IN AID OF RACKETEERING**, in violation of 18 U.S.C. §1959(a)(1), as charged in COUNT 5 of the Second Superseding Indictment;  **VIOLENT CRIME IN AID OF RACKETEERING**, in violation of 18 U.S.C. §1959(a)(3), as charged in COUNT 7 of the Second Superseding Indictment; **CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND DISTRIBUTE METHAMPHETAMINE**, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), as charged in COUNT 8 of the Second Superseding Indictment;  **POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE**, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), as charged in COUNT 9 of the Second Superseding Indictment;  **DISCHARGING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE**, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (j)(1), as charged in COUNT 10 of the Second Superseding Indictment; **DISCHARGING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE**, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), as charged in COUNTS 11 & 12 of the Second Superseding Indictment;  **PROHIBITED PERSON IN POSSESSION OF FIREARM**, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), as charged in COUNT 13 of the Second Superseding Indictment;  **CONSPIRACY TO LAUNDER MONEY**, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), as charged in COUNT 14 of the Second Superseding Indictment.

**JUDGMENT AND PROB/COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

**It is ordered** that the defendant shall pay to the United States a special assessment of $1,200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline §5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

It is ordered that the defendant shall pay restitution in the total amount of $159,170.81 pursuant to 18 U.S.C. § 3663A.

USA vs.  LOZA, JOSE                                                          Docket No.:   LACR 16-00390(B)-VAP-1

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| California Victim Compensation Board | $2,759.81 |
| LAC+USC Medical Center | $156,411.00 |

Provided that all restitution of victims required by this 2nd Amended Judgment be paid to LAC+USC Medical Center before any restitution is paid to the California Victim Compensation Board, a provider of compensation, pursuant to 18 U.S.C. § 3664(j)(1).

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. The payment schedule set by the Court represents a minimum payment obligation that does not preclude the United States from pursuing any and all available remedies by which to satisfy each defendant's full and immediate enforceable financial obligation to collect the maximum amount of restitution in the most expeditious manner available. Such actions include referring defendants' criminal restitution debts to the Treasury Offset Program to offset funds otherwise payable to the defendants from any federal agency, including the Internal Revenue Service and the Social Security Administration, to apply those funds to defendants' outstanding restitution balances until defendants' liability to pay any restitution order has expired or been satisfied under 18 U.S.C. § 3613.

Defendants Jose Loza and Leonardo Antolin shall be held jointly and severally liable for the amount of restitution ordered. The victims' recovery is limited to the amount of their loss and the defendants' liability for restitution ceases if and when the victims receive full restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Jose Loza, is hereby committed on Counts 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of the Second Superseding Indictment to the custody of the Bureau of Prisons for a term of **LIFE PLUS 30 YEARS.** This term consists of life on each of Counts 1, 5, 8, and 9, 240 months on each of Counts 7 and 14, and 120 months on each of Counts 4, 6, and 13, all such terms to be served concurrently, and 120 months on each of Counts 10, 11, and 12 of the Second Superseding Indictment, to be served consecutively to all other counts.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **FIVE YEARS.** This term consists of five years on each of Counts 1, 5, 8, 9, 10, 11, and 12, and three years on each of Counts 4, 6, 7, 13, and 14 of the Second Superseding Indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and General Order 18-10.

2. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. During any period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

4. The defendant shall cooperate in the collection of a DNA sample from the defendant.

5. The defendant shall not associate with anyone known to him to be a member of the Canta Ranas or Mexican

| USA vs.  LOZA, JOSE | Docket No.: LACR 16-00390(B)-VAP-1 |
|---|---|

Mafia Gang and others known to him to be participants in the Canta Ranas or Mexican Mafia Gang's criminal activities, with the exception of his family members.  He may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the Canta Ranas or Mexican Mafia Gang, and may not display any signs or gestures that defendant knows evidence affiliation with the Canta Ranas or Mexican Mafia Gang.

6. As directed by the Probation Officer, the defendant shall not be present in any area known to him to be a location where members of the Canta Ranas or Mexican Mafia Gang meet and/or assemble.

7. The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

In the interest of justice and upon government's motion, all remaining counts are ordered dismissed.

It is recommended that the defendant be evaluated by the Bureau of Prisons. upon his placement in terms of the injury to his right leg.

Defendant is informed of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| 04/29/2021 | *Virginia A. Phillips* |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| 04/29/2021 | By | /s/ Christine Chung |
|---|---|---|
| Filed Date | | Deputy Clerk |

| USA vs. LOZA, JOSE | Docket No.: | LACR 16-00390(B)-VAP-1 |

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications;
15. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

| | |
|---|---|
| USA vs.  LOZA, JOSE | Docket No.:  LACR 16-00390(B)-VAP-1 |

[x]  The defendant must also comply with the following special conditions (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1).  Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer:  (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant must maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds must be deposited into this account, which must be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, must be disclosed to the Probation Officer upon request.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. LOZA, JOSE | Docket No.: LACR 16-00390(B)-VAP-1 |
|---|---|

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date / Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date / Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
Defendant                        Date

_____                  _____
U. S. Probation Officer/Designated Witness   Date